Powers v. Commonwealth Of Virginia        Doc. 3

CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JAN 15 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ARTHUR JAMES POWERS, ) | |
| Petitioner, ) | Civil Action No. 7:08-cv-00010 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| COMMONWEALTH OF VIRGINIA, ) | By: Jackson L. Kiser |
| Respondent. ) | Senior United States District Judge |

Petitioner Arthur James Powers, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Powers is challenging the December 21, 2006 sentence imposed by the Washington County Circuit Court subsequent to his conviction of aggravated sexual battery and indecent liberties with a child. As grounds for relief, Powers alleges insufficiency of the evidence and contends that counsel provided ineffective assistance. I find that Powers has failed to exhaust his available state court remedies and, therefore, dismiss his petition without prejudice.

I.

On November 9, 2006, in the Washington County Circuit Court, Powers was convicted, subsequent to a jury trial, of aggravated sexual battery and indecent liberties with a child. On December 21, 2006, Powers was sentenced to ten years of incarceration for the aggravated sexual battery conviction and five years of incarceration for the indecent liberties with a child conviction, to be run consecutively. Powers' appeal to the Virginia Court of Appeals was denied on August 29, 2007. His appeal to the Supreme Court of Virginia was filed on October 2, 2007, and is currently pending. State court records, available online, reveal that Powers filed a habeas corpus petition on January 3, 2008, in Washington County Circuit Court. The records reveal that this petition is still pending and Powers admits this in the current federal petition.

Dockets.Justia.com

## II.

A federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 119 S. Ct. 1728 (1999). In Virginia, a non-death row felon can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code § 8.01-654(A)(1) and § 17.1-411. Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. See O'Sullivan, 526 U.S. at 845.

If the court finds at any time that petitioner has not exhausted his state court remedies as to all the claims raised in a § 2254 petition, the court shall dismiss the petition without prejudice. Once he has exhausted state court remedies, the petitioner may re-file his federal habeas claims in a new petition, provided that he does so within the time limits set forth in 28 U.S.C. § 2244(d). In this case, it is clear that Powers' present claim has not been adjudicated by the Supreme Court of Virginia. Powers admits that both his direct appeal and his trial court habeas petition are still pending. Accordingly, I will dismiss Powers' petition without prejudice for failure to exhaust state

court remedies.[1]

### III.

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER:** This 15th day of January, 2008.

*/s/ Jackson L. Kiser*
Senior United States District Judge

---

[1] To the extent Powers is concerned about the timeliness of his petition, § 2244(d)(2) provides that periods of time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under § 2244(d)(1).